No. 25-12404

# United States Court of Appeals

*for the*

# Eleventh Circuit

———————⬦———————

KEVIN FOOTE, Individually and on behalf of all others
similarly situated agent of, a.k.a. Kevin Kelly,

*Plaintiff-Appellant,*

BRENT TATE, Individually and on behalf of all others similarly situated, *et al.*,

*Plaintiffs,*

– v. –

ALL ELITE WRESTLING, LLC, IAN RICCABONI, TONY KHAN,

*Defendants-Appellees.*

————————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
IN NO. 3:24-CV-01206-HES-MCR
(HONORABLE HARVEY E. SCHLESINGER,
SENIOR U.S. DISTRICT COURT JUDGE)

## BRIEF FOR PLAINTIFF-APPELLANT

STEPHEN P. NEW
STEPHEN NEW & ASSOCIATES
*Counsel for Plaintiff-Appellant*
430 Harper Park Drive
Beckley, West Virginia 25801
(304) 250-6017

**No. 25-12404**
**Kevin Foote v. All Elite Wrestling, LLC**

**Certificate of Interested Persons and**
**Corporate Disclosure Statement**

All Elite Wrestling, LLC

Baer, Benjamin J.

Foote, Kevin

Khan, Tony

Kellam, Christopher Wade

McGuire, James D.

New, Stephen P.

Riccaboni, Tony Ian

Tate, Brandon

Tate, Brent

Thornton, Daniel Frederick

White, B. Tyler

C-1

## Statement Regarding Oral Argument

Oral argument is requested. Due to the nuanced issues regarding whether or not Appellants specifically challenged the arbitration delegation clause – one of the issues on which this appeal turns – counsel for Appellants think that the Court would likely benefit from oral argument.

# Table of Contents

**Page**

Certificate of Interested Persons and Corporate Disclosure Statement ................C-1

Statement Regarding Oral Argument ...................................................................i

Table of Authorities ...........................................................................................iii

Jurisdictional Statement .....................................................................................v

Statement of the Issues........................................................................................1

Statement of the Case..........................................................................................1

Course of Proceedings and Dispositions Below .................................................1

Statement of Pertinent Facts ...............................................................................2

Statement of Review ...........................................................................................3

Summary of the Argument...................................................................................4

Argument...............................................................................................................4

    I.    The District Court erred when it ordered arbitration without first examining the Appellants' arguments regarding substantive and procedural unconscionability ......................................4

        A.    The arbitration agreement, including the delegation agreement, is substantively unconscionable ..............................5

        B.    The Agreements in question, including the arbitration delegation provision, are procedurally unconscionable..............8

        C.    District Court erred when it made the summary decision to compel arbitration without holding an evidentiary hearing....................................................................9

    II.    The District Court erred when it ruled that Appellants failed to specifically challenge the Agreements' delegation clauses ...........10

Conclusion .........................................................................................................12

# Table of Authorities

**Page(s)**

**Cases:**

*Addit, LLC v. Hengesbach,*
341 So.3d 362 (Fla. 2d DCA 2022)..................................................................5, 6

*AT&T Mobility LLC v. Concepcion,*
563 U.S. 333, 131 S.Ct. 1740 (2011)...................................................................5

*Attix v. Carrington Mortg. Servs., LLC,*
35 F. 4th 1284 (11th Cir. 2022) ..........................................................................11

*Basulto v. Hialeah Automotive,*
141 So.3d 1145 (2014).........................................................................................8

*FL-Carrollwood Care, LLC v. Gordon,*
72 So.3d 162 (2011).............................................................................................10

*Gainesville Health Care Center, Inc. v. Weston,*
857 So.2d 278 (2003)...........................................................................................10

*Green Tree Fin. Corp.-Alabama v. Randolph,*
531 U.S. 79, 121 S.Ct. 513, 148 L.Ed 2d 373 (2000) .........................................6

*Heckman v. Live Nation Entertainment, Inc.,*
120 F.4th 670 (2024) ...........................................................................................5

*Hobby Lobby Stores, Inc. v. Cole,*
287 So.3d 1272 (2020).........................................................................................9

*Morgan v. Sundance, Inc.,*
596 U.S. 411, 142 S.Ct. 1708, 212 L.Ed.2d 753 (2022) ....................................4

*Synergy Contracting Group, Inc. v. People's Trust Insurance Company,*
391 So.3d 505 (2024)...........................................................................................5

**Statutes & Other Authorities:**

9 U.S.C. § 2 .........................................................................................................4

28 U.S.C. § 1331 ..................................................................................................2

28 U.S.C. § 1332 ..................................................................................................2

28 U.S.C. § 1367 ..................................................................................................2

iii

**Jurisdictional Statement**

The district court had subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453; Fair Labor Standards Act of 1938, and 29 U.S.C. §§ 201 to 219. This matter also constitutes a class action under Fed. R. Civ. P. 23. For the same reasons, this Court has subject-matter jurisdiction over the appeal of the district court's Order, dated June 11, 2025. The Notice of Appeal was timely filed on July 11, 2025. This appeal is from an order compelling arbitration that disposes of all parties' claims.

## Statement of the Issues

I.    Whether the District Court erred when, without holding an evidentiary
      hearing, it ordered arbitration where the Agreements in question contain an
      arbitration delegation clause that is both substantively and procedurally
      unconscionable and, therefore, unenforceable.

II.   Whether the District Court erred when it ruled that Appellants failed to
      specifically challenge the Agreements' delegation clause.

## Statement of the Case

This case presents the issue of whether the District Court erred when it
compelled arbitration over a contract dispute where the Agreements in question,
including the arbitration delegation provisions, are both substantively and
procedurally unconscionable and, therefore, unenforceable.  Related, it presents the
issue of whether the District Court erred when it ruled that Appellants failed to
specifically challenge the Agreements' delegation clause. Rather than allowing the
parties to engage in discovery and conducting an evidentiary hearing, the District
Court prematurely ordered arbitration despite the fact that the arbitration delegation
clauses of the Agreements are unconscionable.

## Course of Proceedings and Dispositions Below

Plaintiffs initiated this action in the Court of Common Pleas of Philadelphia
County, Pennsylvania on August 30, 2024.  All Defendants filed a Notice and

Petition for Removal of the action with the United States District Court for the Eastern District of Pennsylvania on October 24, 2024 citing the Class Action Fairness Act set forth in 28 U.S.C. 1332, federal question jurisdiction pursuant to 28 USC § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367. On October 11, 2024, Defendants filed Defendants' Omnibus Motion to Dismiss Plaintiffs' Complaint for Improper Venue or, in the Alternative, Transfer Venue, or Compel Arbitration and Dismiss Plaintiff's Complaint. Plaintiffs filed their Response in Opposition on November 1, 2024. On November 21, 2024, the United States District Court for the Eastern District of Pennsylvania granted Defendants' Motion to the extent it sought to transfer venue, transferring the action to the United States District Court for the Middle District of Florida, Jacksonville Division.

## Statement of Pertinent Facts

Appellant Foote resides in Dillsburg, Pennsylvania, and is a professional wrestling commentator. Doc 1-2 – Pg.3. Appellants Brent Tate and Brandon Tate are residents of Knoxville, Tennessee, and are a professional wrestling tag team. Doc 1-2 – Pg. 3. These individuals entered into agreements with Appellee All Elite Wrestling, LLC ("AEW"), a professional wrestling promotion company providing wrestling entertainment and engaging in the promotion and sale of wrestling-related merchandise. Doc 1-2 – Pg. 3. Appellant Foote signed a document entitled All Elite Wrestling Independent Contractor Talent Agreement ("Talent Agreement") and the

Tates each signed a document entitled All Elite Wrestling Independent Contractor

Wrestler Agreement ("Wrestler Agreement"), together "the Agreements".  Doc 1-2

– Pg 6-7.

> In both Agreements, Section 16.1 calls for arbitration of [A]ll disputes between Talent and AEW, including, without limitation, any dispute relating to any matter arising under this Agreement or any dispute concerning the performance, application, or interpretation of any provision of this Agreement including, without limitation, the application of this Section 16 to any dispute), shall be resolved for final, binding, and conclusive arbitration conducted before a single arbitrator in Duval County, Florida and administered by JAMS, Inc. pursuant to its Comprehensive Arbitration Rules and Procedures.

Doc 53 – Pg. 3.

## Statement of Review

The Eleventh Circuit Court of Appeals reviews questions of law, such as the

interpretation of an arbitration agreement, de novo, meaning it gives no deference to

the District Court's legal conclusions.  Here, whether the District Court erred when

it failed to conduct an evidentiary hearing to determine the unconscionability of the

arbitration delegation clause is a question of law that this Court should consider de

novo.  With regard to the District Court's determination that Appellants did not

specifically challenge the enforceability of the arbitration delegation clause, this

conclusion should be reviewed for clear error as the plain language of Appellants'

opposition to the motion to compel specifically challenges that provision.

3

## Summary of the Argument

In its apparent haste to compel arbitration of this dispute, the District Court ignored its obligation to consider the threshold issue of the unconscionability of the arbitration delegation clause when it was raised by Appellants herein. This case presents an opportunity for the Eleventh Circuit Court of Appeals to clarify and emphasize that, just as the policy of the Federal Arbitration Act is that arbitration agreements should be treated by courts like any other contract, courts retain the authority to fully address contract defenses like unconscionability before compelling arbitration.

## Argument

### I.    The District Court erred when it ordered arbitration without first examining the Appellants' arguments regarding substantive and procedural unconscionability.

Section 2 of the Federal Arbitration Act provides that arbitration agreements are enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Indeed, "[t]he federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Morgan v. Sundance, Inc.,* 596 U.S. 411, 418, 142 S.Ct. 1708, 212 L.Ed.2d 753 (2022) (internal citations omitted) (policy of the FAA is to make arbitration agreements as enforceable as other contracts, but not more so.). Thus, where any contract, including an arbitration agreement, is unconscionable, it falls squarely within the

exception to enforceability.  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336-37, 131 S.CT. 1740 (2011).  Here, the District Court skipped the step of considering the unconscionability of the arbitration agreement – including its delegation provision – and did so even though Appellants provided multiple examples of the Agreements' substantive and procedural unconscionability.  This is reversible error.

### A.    The arbitration agreement, including the delegation agreement, is substantively unconscionable.

As a predicate matter, what constitutes substantive unconscionability in this case is a matter of Florida law.  *See e.g. Heckman v. Live Nation Entertainment, Inc.*, 120 F.4th 670 (2024) (emphasizing that state law governs issues of unconscionability as long as it does not disfavor arbitration or interfere with the FAA's objections).  Under Florida law, a substantively unconscionable contract is one that is so unfair or unreasonable that no rational person in their right mind would agree to it, and no fair and honest person would accept it. *Synergy Contracting Group, Inc. v. People's Trust Insurance Company*, 391 So.3d 505, 509 (2024).  In determining substantive unconscionability, Florida courts consider whether important terms are hidden, if there is an absence of meaningful choice, or if the terms waive significant rights, such as punitive damages or remedies.  *Addit, LLC v. Hengesbach*, 341 So.3d 362, 366 (Fla. 2d DCA 2022).  In short, courts evaluate whether the terms are unnegotiated or one-sided to the benefiting party.

As in the instant matter, the doctrine of substantive unconscionability

typically arises in cases involving contracts of adhesion, disparities in bargaining power, lack of meaningful choice, and unfair terms such as unilateral amendments, limited remedies, or excessive price terms. *Id.* Courts analyze all circumstances, including the parties' relative sophistication and the clarity of contract explanations, to determine substantive unconscionability. *Id.* Courts consider whether the terms waive significant rights, such as punitive damages or injunctive relief, and whether the terms create a notable imbalance between the parties. *Id.* In addition, a party may seek to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, and that party then bears the burden of showing the likelihood of incurring such costs. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92, 121 S.Ct. 513, 148 L.Ed 2d 373 (2000). Further, the *Addit* court noted that waiver of any attorneys' fees and costs, the provision that forecloses any right to appeal the decision of the arbitrator, and the provisions limiting discovery rendered those agreements unconscionable. 341 So.3d at 368. In the same case, the court also found unconscionability when one party could proceed in court while another party was precluded from proceeding in court. *Id.*

As set forth both in their Complaint and their response in opposition to Appellees' motion to compel arbitration, Appellants paint a clear picture that they were coerced to sign the Agreements, that they had no meaningful say in the terms of the Agreements, and that the Agreements foreclose rights and damages that it

provides to Appellees. Specifically, Appellants demonstrate substantive unconscionability as follows:

o    The Agreements (including the arbitration delegation provision) they signed were indisputably contracts of adhesion as Appellees admit that such agreements are used industry-wide.  Doc. 46 – Pg 16.

o    Appellants were not afforded the opportunity to negotiate the arbitration provisions (including the delegation clause) of the Agreements. Doc 46 – Pg 13.

o    Appellants were not provided with a copy of the Comprehensive Arbitration Rules and Procedures of JAMS, Inc. the designated administrator of the arbitration.  Doc 46 – Pg 7.

o    The arbitration location is designated as Florida, but Appellants are residents of Pennsylvania and Tennessee, and the Agreements were not signed in Florida. *Doc* at 133-134.

o    The substantial costs of arbitrating a dispute were not explained and Appellants were not advised of the costs of arbitration. Doc 46 – Pg 15. Appellants herein specifically pled that the costs of arbitration are prohibitive. Doc 46 -- 15.  In fact, Appellants laid out such costs in the response in opposition to Appellee's motion to compel, Doc 46 – 15, but did not have the opportunity to conduct discovery and provide evidence of the same in an

evidentiary hearing or during the discovery process.

o    An unlevel-playing-field provision is contained *inter alia* in Section 15.1 of the Agreements regarding a prohibition on Appellants seeking injunctive and equitable relief. Doc 46 – Pg 14. In addition, Section 14.1 of the Agreements permits Appellee to recover under certain Sections of Agreements "consequential, incidental, exemplary, punitive, special or indirect damages arising from or related to this agreement, whether or not foreseeable," but the Agreements prohibit Appellants from recovering these types of damages Doc 46 — Pg 14.

For all of these reasons, Appellants herein sufficiently demonstrated the substantive unconscionability of the Agreements' arbitration provisions, including the delegation clauses.

**B.    The Agreements in question, including the arbitration delegation provision, are procedurally unconscionable.**

Under Florida law, procedural unconscionability refers to the circumstances surrounding the formation of a contract and focuses on whether the process of entering into the contract was unfair or oppressive. *See e.g. Basulto v. Hialeah Automotive*, 141 So. 3d 1145 (2014). Courts evaluate procedural unconscionability by considering factors such as the relative bargaining power of the parties, whether the terms were presented on a "take-it-or-leave-it" basis, and the complaining party's ability and opportunity to understand the disputed terms of the contract. *Id.* Further,

8

courts must examine the broader circumstances surrounding the execution of a contract to determine whether procedural unconscionability exists. *Hobby Lobby Stores, Inc. v. Cole*, 287 So.3d. 1272 (2020).

Here, Appellants, both in their Complaint and in their opposition to Appellees' motion to compel arbitration, make clear that the arbitration provisions are procedurally unconscionable, as follows:

o    "The Arbitration provisions do not contain a severability clause." Doc. 1-2 – Pg 22.

o    "The Agreements are standardized contracts." Doc 1-2 -- Pg 22.

o    "None of the Plaintiffs were afforded the opportunity to negotiate the Arbitration Agreements."  Doc 1-2 – Pg 22.

o    "Plaintiffs Tate were told not to complain about certain issues so that they could obtain Agreements with AEW."  Doc 1-2 – Pg 22.

o    "Plaintiffs were not advised of the costs of arbitration." Doc. 1-2 – Pg 137.

In essence, the test for procedural unconscionability evaluates whether the complaining party had a meaningful choice at the time of contract formation.   Here, it is clear that Appellants had no such meaningful choices.

### C.    District Court erred when it made the summary decision to compel arbitration without holding an evidentiary hearing.

Florida case law emphasizes that unconscionability should be assessed at the time of a motion to compel arbitration, and evidentiary hearings are **required** when

9

substantial issues regarding the validity of an arbitration agreement are raised. In *FL-Carrollwood Care, LLC v. Gordon*, 72 So. 3d 162 (2011), the court explained that an evidentiary hearing is necessary if a party identifies factual disputes that, if resolved in its favor, would compel a different result.  Similarly, in *Gainesville Health Care Center, Inc. v. Weston*, 857 So.2d 278 (2003),  the appellate court reversed and remanded for an evidentiary hearing after the trial court denied a motion to compel arbitration. On remand, the trial court again denied arbitration, but the appellate court upheld the trial court's ability to consider whether the arbitration provision was unconscionable during the evidentiary hearing. Thus, under Florida Supreme Court precedent,    it is the trial court's role—not the arbitrator's—to determine whether an arbitration agreement is unenforceable on public policy grounds. This underscores the importance of judicial review during motions to compel arbitration.  At a minimum, this case should be remanded with instructions for the District Court to conduct full evidentiary hearing on the issue of unconscionability of the arbitration delegation provision.

## II.    The District Court erred when it ruled that Appellants failed to specifically challenge the Agreements' delegation clauses.

The District Court correctly stated that in the Eleventh Circuit, a party must specifically challenge the validity or enforceability of the delegation clause itself, rather than the broader arbitration agreement, for a court to decide the issue. Doc 53 – Pg 5-6.  However, the District Court failed to apply this general proposition to the

10

facts before it.  In fact, Appellants' challenge to the delegation clause meaningfully addresses the parties' precise agreement to delegate threshold arbitrability issues to the arbitrator, as required in this Circuit.

In its Order compelling arbitration, the District Court relies on *Attix v. Carrington Mortg. Servs*., LLC, 35 F. 4th 1284, 1304 (11th Cir. 2022), for the proposition that Appellants failed to challenge the delegation clause itself.  This reliance on *Attix* is misplaced.  Indeed, *Attix* is immediately distinguishable from the instant matter.   In *Attix*, the party opposing arbitration argued that the delegation was limited in scope such that it did not apply to the particular arbitrability dispute in that case. 35 F. 4th at 1284.

Here, by contrast, Appellants specifically challenged the delegation provision on the basis that such provisions were unconscionable and unenforceable.  Appellants, in their opposition to Appellees' motion to compel arbitration, stated as follows:

> Plaintiffs alleged that the Arbitration provisions are **unconscionable** and unenforceable. Compl [ECF 1-2].  These provisions would include the delegation clause.  The reasons supporting the unconscionability of the entire Agreement also support the unconscionability of the delegation provision.  **Most importantly, Plaintiffs cannot afford to pay an arbitrator to determine whether paying substantial fees and costs to an arbitrator is unconscionable.**

Doc 46 – Pg 16 (Emphasis added.)

Furthermore, Appellants specifically asked the District Court for permission

11

to amend their Complaint to more specifically challenge the delegation clause, if

necessary, and sought limited discovery to bolster their argument.  Doc 46 – Pg 19.

The District Court denied both requests without comment.

## Conclusion

Appellants respectfully ask this Court to reverse the District Court's Order

compelling arbitration and remand to the District Court with instructions to

determine the enforceability of the Agreements' delegation clauses.

This 26th day of August, 2025.

*/s/ Stephen P. New*
Stephen P. New, Esq.
Stephen New and Associates
430 Harper Park Drive
Beckley, WV  25801
steve@newlawoffice.com
304-250-6017
*Attorneys for Appellant*
Kevin Foote et al.

12

**<u>Certificate of Compliance</u>**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), the word limit of Fed. R. App. P. 5(c)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2475 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface Microsoft Word in Times New Roman 14.

*/s/ Stephen P. New*

Attorney for Appellants

Dated: August 26, 2025