NOT FOR PUBLICATION

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12404
Non-Argument Calendar
_____

KEVIN FOOTE,
   Individually and on behalf of all others
   similarly situated agent of,
   a.k.a. Kevin Kelly,

                                       *Plaintiff-Appellant,*

BRENT TATE,
   Individually and on behalf of all others
   similarly situated, et al.,

                                       *Plaintiffs,*

versus

ALL ELITE WRESTLING, LLC,
IAN RICCABONI,
TONY KHAN,

                                       *Defendants-Appellees.*

2                          Opinion of the Court                          25-12404

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cv-01206-HES-MCR

_____

Before ROSENBAUM, ABUDU, and KIDD, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Kevin Foote appeals from the district court's June 11, 2025, order compelling arbitration and staying the case.

An appeal may not be taken from an interlocutory order that compels arbitration and stays, rather than dismisses, the action. *See* 9 U.S.C. § 16(b)(1)-(3); *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1243 (11th Cir. 2014) (providing that an order compelling arbitration and staying a case is an interlocutory order that cannot be appealed); *Am. Express Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 939 (11th Cir. 1997) (dismissing for lack of jurisdiction an appeal of an order compelling arbitration, staying proceedings, and administratively closing the case). Because the district court's June 11, 2025, order stayed, rather than dismissed, the case and contemplated further proceedings, we lack jurisdiction to review the order at this time.